UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL PAYTON JR.,

        Movant,

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

Criminal Case No. 07-20498-1
Civil Case No. 16-11759

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER DENYING MOVANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [111]**

Movant Earl Payton filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C § 2255 [111] on May 13, 2016. The Government filed a Response [114] on June 24, 2016. Because Payton's Motion is time-barred, the Court **DENIES** the Motion to Vacate, Set Aside, or Correct Sentence [111].

**FACTUAL AND PROCEDURAL BACKGROUND**

**I.    Plea and Sentencing**

On January 25, 2008, Payton pleaded guilty to Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1) and 846. Payton's plea was entered pursuant to a Rule 11 Plea Agreement.

The Plea Agreement provided a sentencing guidelines range of 262 to 327 months, based on the application of the career offender provisions of the

Sentencing Guidelines. [Dkt. #32 at 4]. The Plea Agreement listed three prior burglary convictions and one prior controlled substance conviction. The Plea Agreement further provided that "the court must impose a sentence of no less than 20 years because defendant has a prior felony drug conviction." [Dkt. #32 at 17]. At the Sentencing Hearing on April 24, 2008, neither Payton, nor his counsel, raised any objections to the PSR or sentencing guidelines range. The Court sentenced Payton to 25 years of imprisonment.

## II. Direct Appeal

On May 7, 2008, Payton filed a Notice of Appeal [44]. Payton challenged his conviction on the grounds that: the plea was unknowing; he was provided ineffective assistance of counsel in entering the plea bargain; and his within guidelines sentence was based on false information.

On June 9, 2010, the Sixth Circuit affirmed Payton's conviction. *U.S. v. Payton*, 380 Fed. App'x 509, 510 (6th Cir. 2010). The Sixth Circuit summarized the primary issue raised on appeal as follows:

> When Payton pled guilty, he and the government mistakenly assumed he had two prior felony drug convictions. Taking this premise as a given, the government promised, as part of Payton's plea agreement, to file an information listing only one of Payton's prior convictions rather than enhanc[ing] the mandatory minimum sentence to life imprisonment by listing the second conviction.

> Payton, as it turns out, had just one prior felony drug conviction, meaning that he faced a mandatory minimum if convicted of 240 months, not life imprisonment. The apparent source of the misunderstanding was that Michigan authorities charged him with three additional drug-related felonies in 2005, but he eventually pled guilty to a misdemeanor.
>
> As to the instant offense, Payton claims he would not have pled guilty and would not have waived his Fifth and Sixth Amendment trial rights had he known the government never had the option of seeking a mandatory life sentence.

*Id.* at 511.

The Sixth Circuit rejected Payton's argument. In holding that Payton failed to satisfy the plain error standard, the Court explained that the district court "had no obligation to probe whether Payton benefitted from each promise by the government in the plea agreement, and it thus had no reason to probe his criminal history." *Id.* at 512. The Court further explained that Payton failed to demonstrate that the plea "prejudicially affected his substantial rights," particularly where he "had little to gain by going to trial." *Id.* (noting that "proceeding to trial likely would have tacked several years onto the 240–month minimum and made it more likely he would spend the rest of his life, or close to it, in the same place.").

Although the Sixth Circuit rejected Payton's claim that his guilty plea was unknowing, the Court declined to assess his ineffective assistance of counsel argument. *Id.* at 513. The Court deemed Payton's ineffective assistance of counsel

claim premature, explaining that such claims are more appropriately raised for the first time in a § 2255 motion. *Id.*

Finally, the Sixth Circuit rejected Payton's within-guidelines sentence challenge because he waived his right to appeal under his Plea Agreement.

### III. Post-Conviction Relief

On February 8, 2011, Payton filed a Motion for Retroactive Application of Sentencing Guidelines [95] pursuant to 18 U.S.C. § 3582. The Court denied the Motion on April 27, 2011. [Dkt. #97]. On August 29, 2011, Payton filed a second Motion for Retroactive Application of Sentencing Guidelines [98], which the Court denied on September 23, 2011. [Dkt. #99]. On September 9, 2015, Payton filed a third Motion for Retroactive Application of Sentencing Guidelines [106], which the Court also denied on October 29, 2015. [Dkt. #109].

Payton filed the instant Motion to Vacate Sentence [111] on May 13, 2016. The Government filed a Response [114] on June 24, 2016.

In his Motion [111], Payton raises three grounds for relief. First, he maintains that he was denied effective assistance of counsel when his attorney failed to object to a misdemeanor listed on his PSR. Second, Payton submits that his guilty plea was unknowing because it was entered based on the mistaken assumption that he had two prior felony drug convictions. Finally, Payton

challenges his within guidelines sentence on the basis that he was told not to appeal.¹

## ANALYSIS

To succeed on a motion to vacate, set aside, or correct sentence, a movant must allege: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

A petitioner seeking relief under 28 U.S.C. § 2255 is bound by a one-year period of limitation. The limitations period begins from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

¹ Two of the grounds for relief asserted in the instant Motion were rejected by the Sixth Circuit on direct appeal. *See DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (noting that "[a] § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances.").

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### I.  Payton's Motion is untimely

"For the purpose of starting the clock on § 2255's one-year limitation period, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522 (2003). A petition for certiorari must be filed within 90 days of the entry of judgment. *Penry v. Texas*, 515 U.S. 1304, 1305 (1995).

Payton's conviction became final on September 7, 2010. To comply with the one-year period of limitations set forth in § 2255(f)(1), Payton should have filed this Motion on or before September 7, 2011. Payton did not file this Motion until May 13, 2016, nearly five years after his conviction became final. Accordingly, the Motion is untimely.

### II.  Payton does not qualify for relief under *Johnson v. United States*

Payton submits that his Motion is timely pursuant to § 2255(f)(3) because he seeks relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), decided on June 26, 2015. There are two problems with this argument.

First, none of the three grounds for relief in Payton's Motion implicate the Supreme Court's ruling in *Johnson*. Because the aforementioned issues are

unrelated to *Johnson*, Payton could have raised them within one year of the Sixth Circuit's affirmation of his conviction.

Second, assuming Payton had challenged his sentence under *Johnson*, the Court would nevertheless find this argument without merit. In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates due process" because the residual clause is unconstitutionally vague. 135 S. Ct. at 2554. Payton was sentenced under the career offender provisions of the Sentencing Guidelines, not under the Armed Career Criminal Act. In *Beckles v. United States*, 137 S. Ct. 886, 892 (2017), the Supreme Court held that the Sentencing Guidelines are not subject to a vagueness challenge. Thus, under *Beckles*, had Payton raised a vagueness challenge to the Sentencing Guidelines, *Johnson* would afford him no relief.

### III. Payton is not entitled to equitable tolling

Section 2255(f) is subject to equitable tolling. "A habeas petitioner is entitled to equitable tolling only if two requirements are met[:] first, the petitioner must establish 'that he has been pursuing his rights diligently[;]' [a]nd second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2011)).

Other than citing to *Johnson*, Payton has offered no reason for the nearly five-year delay in filing this Motion. Even if the Court were to find that Payton has been pursuing his rights diligently on the basis that he has filed several post-conviction motions, he fails to show that an extraordinary circumstance prevented him from filing the instant Motion. Payton's "*pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse his late filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012). Therefore, Payton is not entitled to equitable tolling.

## CONCLUSION

The Court need not reach the merits of Payton's Motion [111] because it is time-barred.

Accordingly,

**IT IS ORDERED** that Payton's Motion to Vacate, Set Aside, or Correct Sentence [111] is **DENIED**. Movant is granted a certificate of appealability.


s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: January 23, 2018              Senior United States District Judge